# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DISTRICT

| | |
|---|---|
| NICOLE MOTTO; and WILLIAM MOTTO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND )<br>CASUALTY COMPANY, )<br>Defendant. ) | NO. 4:11-CV-00742-BSM |

## U.S. BANK, N.A. AND OCWEN LOAN SERVICING, LLCS' MOTION TO STAY DISBURSEMENT OF FUNDS HELD IN THE COURT'S REGISTRY

**COMES NOW** U.S. Bank National Association ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen") and move this court to stay the disbursement of proceeds held in the Court's registry pending completion of a separate declaratory judgment concerning entitlement to said proceeds and filed at the suggestion of this Court.

1. This action sought determination of the party with a superior claim to the settlement proceeds related to insurance proceeds for mortgaged property that was destroyed by fire on May 21, 2010.

1

2. The casualty insurer, State Farm, issued a joint check to Nichole Motto ("Mrs. Motto") *and* GMAC Mortgage, LLC ("GMAC"). This action concerns entitlement to those proceeds ("the Proceeds").

3. GMAC was ultimately dismissed from this action after it filed for bankruptcy protection.

4. At trial, in January 2013, Mrs. Motto and State Farm entered a settlement agreement whereby State Farm paid $462,507.38 (into the district court registry) as a full and final release of its liability related to the Proceeds.

5. After the interested parties to the mortgage filed multiple motions to intervene, a motion to reconsider, and a claims to the insurance proceeds in accordance with this Court's post-judgment, quasi-interpleader process, this Court determined on July 26, 2013 to **stay disbursement of the funds pending completion of the pending appeal before the Eight Circuit Court of Appeals.** [Doc. # 142].

6. **This Court also invited the parties claiming entitlement to the insurance proceeds to "*enforce any rights [] against [Ms.] Motto by suing her.*" U.S. Bank and Ocwen have done so by filing a separate action styled *U.S. Bank,N.A. as Trustee and Ocwen Loan Servicing, LLC v. Nicole Motto, William Mott, State Farm, and Sutter and Gillham, PLLC*, 4:13-cv-390-KGB.** [Doc. # 118]. U.S. Bank and Ocwen currently have a Motion for Summary Judgment

pending in that action seeking determination of entitlement to recovery of the Proceeds from the defendants.

7. The current stay pending the appeal before Eighth Circuit appears likely to dissolve in short order given the opinion issued on August 28, 2014 dismissing Plaintiffs' appeal.[1] However, the Eighth Circuit recognized the potential prejudice which existed in light of the fact that, if the funds are disbursed to Ms. Motto before U.S. Bank's and Ocwen's claimed rights to the funds are resolved, those funds are at a substantial risk of being disposed of. *See* **Ex. A** at 6 (discussing *Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 782-84 (8th Cir. 1985), and noting that "the lapse of time required to institute a new action and to effect service on the insured could give the insured time to spend the money or otherwise impede recovery"). **The Eighth Circuit's denial of the appeal appears based partially on the assumption that the lower courts might extend the stay of the disbursement of funds pending completion of the declaratory judgment action**. **Ex. A** at 6-7.

8. In light of the likely abrogation of the stay, this Court should extend the stay of disbursement of the Proceeds during the pendency of this action because disbursement will, as a practical matter, render the declaratory judgment action pointless. As redress for U.S. Bank, Ocwen and their predecessors-in-

---

[1] The Opinion of the Eighth Circuit is attached hereto as **Exhibit A.** The appeal has not officially closed pending disposition of a Motion to Reconsider.

interests' inability to participate in this litigation, this court invited the lenders to *"enforce any rights . . . against Motto by suing her."* Early disbursement of the Proceeds made subject of the declaratory judgment action will inhibit or absolutely defeat U.S. Bank and Ocwen's ability to exercise that option and to claim Proceeds to which they are rightfully entitled. It will also provide a windfall to Motto who has undisputedly not satisfied the indebtedness underlying the subject loan (which was used to purchase the property at issue). This Court should not countenance such an inequitable result and should afford U.S. Bank and Ocwen an opportunity to fully adjudicate their rights to the Proceeds.

WHEREFORE, premises considered, Ocwen and U.S. Bank respectfully request that the Court grant this Motion to Stay Disbursement of Funds Held in the Court Registry pending completion of the separate declaratory judgment action because determination of the party with a superior claim to the Proceeds is contingent on Ocwen and U.S. Bank's declaratory judgment action.

Respectfully submitted this 4th day of September, 2014.

/s/ Blake Goodsell
Blake B. Goodsell
Jonathan Cobb (Of Counsel)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000

Facsimile: (205) 521-8800
E-mail: bgoodsell@babc.com
jcobb@babc.com

*Attorneys for U.S. Bank National Association and Ocwen Loan Servicing, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 4th day of September, 2014, I served the foregoing via first-class U.S. Mail, postage prepaid, to the following:

James M. Scurlock<br>
Luther Oneal Sutter<br>
james.scurlock@gmail.com<br>
luthersutter.law@gmail.com

              /s/ Blake Goodsell  
              OF COUNSEL