# EXHIBIT A

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2854
_____

U.S. Bank National Association,

*Appellant*,

Nicole Motto; William Motto,

*Plaintiffs - Appellees*,

v.

State Farm Fire & Casualty Company,

*Defendant - Appellee*,

First Residential Mortgage Network, Inc.; GMAC Mortgage, LLC; Wells Fargo, NA; Wilson and Associates, P.L.L.C.,

*Defendant*s.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 11, 2014
Filed: August 28, 2014

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

U.S. Bank National Association appeals the district court's[1] denial of its motion to intervene in a suit between homeowner Nicole Motto and her insurer, State Farm Fire and Casualty Company.  The district court denied U.S. Bank's motion as untimely.  We conclude that the court reasonably determined that the bank was too late in attempting to intervene, and we therefore affirm.

I.

Motto and her now-estranged husband refinanced their home in Arkansas in 2006.  The originating lender then sold the loan to Residential Funding Company, LLC ("RFC").  The Mottos' loan was pooled with others and sold as a mortgage-backed security.  U.S. Bank is the trustee of the trust containing the pooled loans.

U.S. Bank, as trustee, claims to hold the note for the Mottos' mortgage and thus to have a right to enforce the Mottos' mortgage obligations.  RFC was the master servicer for the pooled loans, and its affiliated company, GMAC Mortgage, LLC, was the sub-servicer of the loans.  According to U.S. Bank, GMAC was its "agent," and RFC and GMAC were its "representatives," in this litigation.

Motto's home burned in May 2010.  Motto filed a claim with State Farm, but a dispute arose about the amount of loss and to whom the insurance proceeds should be paid.  State Farm thought GMAC might be entitled to recover the funds due to the mortgage on the home.  State Farm thus issued a joint check to GMAC, Motto and her husband, and Motto's attorney for $377,507.38.

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

Appellate Case: 13-2854     Page: 2     Date Filed: 08/28/2014 Entry ID: 4190606

Motto sued State Farm in Arkansas state court in an attempt to recoup the proceeds under the policy.  She also sued GMAC and other parties (but not RFC or U.S. Bank), seeking a declaratory judgment that none of the named parties had an interest in the proceeds.  Motto argued that the mortgage had been released, and that she (as opposed to her then-husband) had never signed the note.  For these reasons, Motto claimed that no other party was entitled to the proceeds of the homeowners insurance claim.  Motto later acknowledged, however, that she and her husband were "not close to" paying off the mortgage on the home when it burned.

State Farm removed the case to federal court.  Prior to trial, in May 2012, GMAC and its parent and affiliated companies, including RFC, filed for bankruptcy.  GMAC notified the district court and the parties of the bankruptcy and the effect of the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362(a).  On August 30, Motto moved to dismiss GMAC from the case without prejudice due to the bankruptcy, and GMAC did not respond in opposition.  The district court granted the motion on September 19.  GMAC filed a motion to reconsider, alleging that it would be prejudiced if the case proceeded without its participation, but the district court denied the motion, saying that GMAC should protect its rights through the bankruptcy court.  In December 2012, RFC moved to intervene, arguing that in light of GMAC's dismissal, the court should allow RFC to join the litigation to protect its interests.  The district court denied the motion, ruling that it was untimely.  The court explained that trial was imminent, RFC had known of its interest since the suit was filed in 2011, RFC had given no reason for waiting three months after GMAC was dismissed before filing its motion, and the parties would be prejudiced by the intervention of a new party.

The case eventually went to trial in January 2013 on Motto's claim against State Farm.  After two days of trial, Motto and State Farm reached a settlement agreement.  As part of the agreement, State Farm paid $462,507.38 into the registry of the district court.  The district court established a process, apparently designed to

-3-

approximate an interpleader, under which Motto was ordered to serve "all potential claimants" to the proceeds of the policy, so that the claimants could file a claim in the district court.

RFC filed a claim in February 2013, seeking the entire amount that State Farm had paid into the registry. According to U.S. Bank, RFC's claim was also U.S. Bank's claim, filed "through [its] representatives." R. Doc. 138, at 2. In April 2013, RFC again moved to intervene, asserting that its interest in the insurance proceeds was not adequately protected in the litigation. The district court denied the motion, observing that RFC may enforce any rights it has against Motto by suing her. During this period, on February 15, 2013, the servicing and sub-servicing rights of RFC and GMAC were sold to another servicer.

After several months of delay, Motto eventually complied with the district court's order and filed proof of service on U.S. Bank and other potential claimants on June 6, 2013. One month later, U.S. Bank, along with the new servicer, moved to intervene. The district court denied the motion, ruling that U.S. Bank's filing was untimely. The court stated that U.S. Bank's attempt to intervene was "so late in the proceedings" that it would prejudice both State Farm and Motto. The court concluded that after it gave "parties having an interest in the proceeds . . . an opportunity to be heard," no one but Motto had established a claim to the funds, and the court ordered the money disbursed to her attorney's client fund. The court decided that RFC's efforts to have its mortgage reinstated as part of its February 2013 claim were not suited to disposition in this proceeding.

The district court denied U.S. Bank's motion to reconsider, but entered a stay of the disbursement of the funds pending appeal. On appeal, U.S. Bank challenges the district court's denial of its motion to intervene. We review the district court's determination of timeliness for abuse of discretion. *ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1093 (8th Cir. 2011).

-4-

II.

Federal Rule of Civil Procedure 24 permits intervention only "[o]n timely motion."  The timeliness of a motion to intervene is based on all the circumstances, including:  "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties."  *ACLU of Minn.*, 643 F.3d at 1094.

As the district court observed, U.S. Bank's motion came late in this litigation. The case was all but over; the jury trial had begun and ended in a settlement, and the district court had approved the settlement between the parties.  U.S. Bank's statements that GMAC was its "agent" in this case, that RFC and GMAC were its "representatives" in this litigation, and that it had been a party "through" GMAC, R. Doc. 138, at 2, establish its knowledge of the litigation from its commencement in federal court—twenty-one months before it moved to intervene.

U.S. Bank argued in the district court that its motion was timely because the bank was exposed to a risk of loss after GMAC was dismissed from the action and RFC was denied leave to intervene.  Yet the bank assumed this risk by choosing to protect its interests through third parties rather than to join the litigation directly at the outset.  Even when GMAC was dismissed, U.S. Bank did not seek to intervene, apparently relying instead on RFC.  And when RFC was twice denied leave to intervene, the bank still did not move to intervene itself for several more months.  The district court understandably concluded that U.S. Bank simply waited too long.

The court concluded that Motto and State Farm would be prejudiced by intervention after U.S. Bank's delay, presumably because discovery was completed and various motions had been resolved.  *See* R. Doc. 83, at 2.  It was reasonable for the court to think the parties could be prejudiced by having to cover the same ground

-5-

again.  And "even absent any prejudice, the district court was free to conclude that given the progress of the litigation, [U.S. Bank's] knowledge of it, and [its] failure to adequately explain the delay, the motion was untimely."  *ACLU of Minn.*, 643 F.3d at 1095.

U.S. Bank argues that the district court used the wrong reference point for evaluating timeliness.  The bank claims its motion to intervene was timely because it was filed about one month after Motto served U.S. Bank with notice that it might have a potential claim on the proceeds of the insurance policy.  The bank says the court should have focused on this one-month period rather than the twenty-one months since the action commenced in federal court.  U.S. Bank acknowledged, however, that it participated in the litigation much earlier through RFC and GMAC.  U.S. Bank's representatives had opportunities to challenge the district court's decisions to exclude them as parties, but GMAC did not appeal its dismissal, and RFC did not appeal the denial of its motions to intervene.  The district court was not required to permit U.S. Bank, at a later date, essentially to circumvent the prior rulings by intervening in its own name.

U.S. Bank also had an opportunity to advance a claim to the funds through the claim of its representative, RFC, in February 2013.  The district court rejected that claim, and RFC did not appeal.  As the district court noted, U.S. Bank still can vindicate any interest in the funds by suing Motto directly, and the bank indeed has filed such an action.  *See U.S. Bank Nat'l Ass'n v. Motto*, No. 4:13-cv-390 (E.D. Ark. filed July 3, 2013).  Although this court expressed concern in *Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 782-84 (8th Cir. 1985), that the lapse of time required to institute a new action and to effect service on the insured could give the insured time to spend the money or otherwise impede recovery, the district court here took steps to alleviate that concern by ordering the funds paid into the registry of the court and granting a stay pending appeal.  During the pendency of this appeal, U.S. Bank

-6-

was able to seek an order staying the disbursement of funds in its separate action against Motto.

As an alternative route to achieve its objective, U.S. Bank suggests that we declare that GMAC was incorrectly dismissed from the case and restore GMAC as a party.  GMAC, however, did not appeal the dismissal, and the district court's order on that issue is not properly before us on this appeal.

*        *        *

The district court's orders of July 17 and July 26, 2013, denying the motions of U.S. Bank are affirmed.

_____

Appellate Case: 13-2854    Page: 7    Date Filed: 08/28/2014 Entry ID: 4190606